### KELLER *v.* METROPOLITAN EL. RY. CO. *et al.*

(*Superior Court of New York City, General Term.* May 11, 1891.)

ELEVATED RAILROADS—INJURIES TO ABUTTERS—INCONSISTENT FINDINGS.

In an action to restrain the maintenance and operation of an elevated railroad in the street in front of plaintiff's premises, and for damages, it appeared that plaintiff purchased the premises subject to a lease made after the construction of the elevated railroad, and the action was tried before the expiration of such lease. The court found that by the acts of defendants a certain "loss in the rental value of the premises" was sustained by plaintiff, and that "plaintiff, previous to and including the time of the trial of this action, had lost no rents on account of any taking of property connected with" the premises in question. *Held*, that such findings were not inconsistent, but would be construed to mean that, though plaintiff had lost none of the rents under the lease to which the premises were subject when he acquired title, yet the rental value had been diminished, for which plaintiff was entitled to recover.

Appeal from equity term.

Action by Frederick K. Keller against the Metropolitan Elevated Railroad Company and another to restrain defendants from maintaining and operating their elevated railroad in the street in front of plaintiff's premises, known as "No. 662 Sixth Avenue," and to recover damages for past injuries to the premises by the construction and operation of such elevated railroad. Plaintiff acquired title to the premises on April 27, 1891, from one Esther E. Michel, who on that day conveyed the same to him, subject, however, to a lease ending on April 30, 1890, under which lease the lessee was then in possession. On trial before TRUAX, J., the following findings of fact, *inter alia*, were made: "*Third.* That in the month of January, 1879, the defendant the Metropolitan Elevated Railway Company began the erection of an elevated railway structure on Sixth avenue, in the city of New York, in front of the premises in question, and completed the same in June, 1878, and commenced the operation of the same by running passenger-cars and steam locomotives thereon, in front of plaintiff's premises, until May 20, 1879, when it leased the same to the defendant the Manhattan Railway Company, which company has continued the maintenance and operation of the same down to the present time, and is now so operating the same. * * * *Eighth.* That the maintenance of the railway structure above described in and along the front of plaintiff's premises has, from the month of June, 1878, to the present time, constituted, and will hereafter constitute, a use inconsistent with and in excess of the ordinary uses for which said street was set apart and reserved in law, and by such inconsistent and excessive street use the access to plain-

tiff's premises above described has been obstructed, and will hereafter be continuously obstructed, and the quantity of air and light that would otherwise have passed, and would otherwise hereafter pass, has been lessened, and will hereafter continue to remain lessened. *Ninth.* That the passage of the trains, as heretofore described, over the railway structure in and along the front of plaintiff's premises, with the escape of smoke, cinders, and obnoxious gases and smells from the locomotives drawing said trains, since the month of June, 1878, to the present time, constituted, and will hereafter constitute, for the greater part of the time, a use wholly inconsistent with, and therefore in excess of, the ordinary uses for which said street was set apart and reserved in law, and that by such inconsistent and excessive street uses the quantity of light and air that would otherwise have passed, and would otherwise hereafter pass, over the said street, in front of plaintiff's said premises, has been lessened, and will hereafter continuously remain lessened, and that the air which occupied, and will hereafter occupy, the space in front of said premises, and which entered and will hereafter enter the said premises, has been filled with smoke, cinders, and obnoxious gases. *Tenth.* That to the extent the maintenance of said railway structure, and the operation of trains thereon, constituted and constitute an inconsistent and excessive street use, as set forth in the eighth and ninth findings herein, the defendants have taken and kept, and are in the possession of, and will hereafter keep, a part of the easement of access, and of light and air, hereinbefore found to be a part of plaintiff's land. *Eleventh.* That by the taking set forth in the tenth finding of fact the plaintiff from the 27th day of April, 1885, to the time of the commencement of this action, sustained a loss in the rental value of the premises No. 622 Sixth avenue, amounting to at least the sum of $577.50. * * * *Thirteenth.* That this action was commenced on the 14th day of September, 1888. *Fourteenth.* That the value of so much of the plaintiff's easement belonging to the premises No. 662 Sixth avenue as was taken by the defendants, as hereinbefore found, was at the time of such taking, and also at the time of the trial of this action, at least $2,500. * * * *Forty-Second.* The plaintiff purchased No. 662, knowing of the existence of the railroad and its operation, and that the taking of easements appurtenant to No. 662, if any were taken, had already been effected, and that such taking was permanent. *Forty-Third.* That the plaintiff, previous to and including the time of the trial of this action, had lost no rents on account of any taking of property connected with No. 662." It was contended that the forty-third finding of fact was inconsistent with the eleventh finding. Judgment was directed for plaintiff, and defendants appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Davies, Short & Townsend,* (*Edward B. Thomas,* of counsel,) for appellants. *Edwin M. Felt,* for respondent.

PER CURIAM. The fair construction of the findings and conclusions that are argued to be inconsistent is that, although the plaintiff lost none of the rents under the lease of No. 662, expiring in 1890, yet that the rental value had been diminished. That the plaintiff could recover for such a diminution has been determined in this court against the defendants. Judgment affirmed, with costs. All concur.